IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-mj-01017-CBS

UNITED STATES OF AMERICA

      Plaintiff,

v.

DAVID ESTRADA

      Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a detention hearing on February 18, 2014. Present were the following: Martha Paluch, Assistant United States Attorney, Robert Pepin, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 20th day of February, 2014.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v.   David Estrada   
Case Number 14-mj-01017-CBS

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

Rule 40(a) of the Federal Rules of Criminal Procedure provides that if a person is arrested for violating conditions of release set in another district, that person shall be taken without unnecessary delay before the nearest federal magistrate judge.  That judge must conduct a preliminary hearing if required by Fed. R. Crim. P. 5.1 and must transfer the defendant to the district where the offense was allegedly committed if, *inter alia,*, the magistrate judge finds that the defendant is the same person named in the indictment, information or warrant issued in the district where the offense was allegedly committed.  Rule 40(c) further provides that the magistrate judge "may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so."

This matter comes before the court on an Arrest Warrant issued by the United States District Court for the Eastern District of Missouri, along with a Petition for Action on Conditions of Pretrial Release.  During a hearing on February 18, 2014, the defendant knowingly and voluntarily waived his right to an identity hearing in the District of Colorado, but reserved his right to have that hearing upon his return to the Eastern District of Missouri.  Based upon that waiver, this court signed an Order of Commitment directing the defendant's return to the Eastern District of Missouri for further proceedings.

The Petition for Action on Conditions of Pretrial Release filed in the Eastern District of Missouri states the defendant was placed on pretrial release supervision by the Honorable Frederick R. Buckles, with the conditions that he participate in a location monitoring program, that he undergo mental health evaluation and/or treatment as deemed appropriate, that he not subscribe to any internet service and cancel any internet service he might have, and that he not possess any devices with internet access capabilities.  Supervision of the defendant's pretrial release was to occur in the District of Colorado.

The Petition filed in the Eastern District of Missouri directed that "a bond revocation hearing be held within three days of the defendant's arrest to determine whether or not the defendant is in violation of the conditions of release."  Title 18 U.S.C. § 3148(b) provides that a judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is

>  (A) probable cause to believe that the person has committed a
>  Federal, State or local crime while on release; or
>  (B) clear and convincing evidence that the person has violated any
>  other condition of release; and

(2) finds that –

>> (A) based on the facts set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>> (B) the person is unlikely to abide by any condition or combination of conditions of release

The Bail Reform Act, 18. U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> (1)  [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person, including –
>
>> (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the court file and have considered the arguments of counsel during the hearing on February 18, 2014.

Weighing the statutory factors set forth at 18 U.S.C. § 3148(b) and 18 U.S.C, § 3142(g), I find there is clear and convincing evidence that the defendant violated one or more conditions of his release. It appears to be uncontested that the defendant continued to retain an internet-capable Iphone/smart phone even after he was directed to surrender that device on or about October 24, 2013 by Magistrate Judge Kristen Mix. It further appears that the defendant failed to attend a mental health treatment session as required on January 28, 2014. Although the defendant insists that he missed that session because he believed it was scheduled for the next day, in fact the defendant had previously told his supervising officer that the treatment session would occur on January 28, 2014 and had cleared that specific date with his supervising officer. It is also undisputed that the defendant failed to attend a required medication evaluation session on January 23, 2014. Finally, the Petition alleges the defendant traveled to an unauthorized

location on Buckley Air Force Base in Aurora, Colorado, have previously told his supervising officer that he was going to the Base for the purpose of obtaining groceries and general shopping.  When later questioned by the supervising officer, the defendant reportedly acknowledged that he had exceeded the supervising officer's authorization by going to and remaining for several hours at a group of baseball fields on the Base.

   The defendant has been charged in the Eastern District of Missouri with knowingly receiving, through the Internet, and possessing graphic files containing child pornography.  Given those allegations and the defendant's refusal to relinquish custody of an internet-capable device, as required by his conditions of release, I find that the defendant has failed to abide by conditions of release in a way that presented a danger to the community.  Given the nature of his release violations, I am not convinced that additional or different conditions would provide sufficient confidence that the defendant would remain compliant.  Accordingly, I will grant the government's petition and remand the defendant back to the custody of the United States Marshals Service.  The defendant may raise the issue of different or additional conditions of pretrial release upon his return to the Eastern District of Missouri.